UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL FORD and<br>KING ALLAH JAMES,<br><br>Plaintiffs,<br><br>v.<br><br>JIM HAMMONDS, DEPUTY COX, and<br>HAMILTON COUNTY JAIL,<br><br>Defendants. | No.: 1:23-CV-128-KAC-CHS |

# MEMORANDUM AND ORDER

Before the Court is (1) a pro se Complaint under 42 U.S.C. § 1983 purportedly brought by Plaintiffs Michael Ford and King Allah James (collectively "Plaintiffs") [Doc. 2] and (2) Plaintiff Ford's motion to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court (1) disallows the joinder of Plaintiff James, (2) dismisses Plaintiff James without prejudice, and (3) gives Plaintiff Ford thirty (30) days to cure the deficiencies in his motion to proceed *in forma pauperis*.

## I.     JOINDER OF PLAINTIFF JAMES IS NOT PERMITTED

Federal Rule of Civil Procedure 20(a)(1) allows the joinder of multiple individuals as plaintiffs in an action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Where it is appropriate, joinder is "strongly encouraged" for purposes of judicial economy and fairness. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

There are, however, significant practical challenges with allowing the joinder of multiple

prisoners in a single pro se action. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009) (gathering caselaw noting these challenges). These challenges include the "need for each plaintiff to sign every pleading," *see* E.D. Tenn. L.R. 83.13, the fact that prisoner litigants are "notably transitory," the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," and the fact that multiple-plaintiff litigation "often results in pleadings being filed on behalf of plaintiffs without their consent," *see Proctor*, 661 F. Supp. 2d at 780 (citations omitted). These unique factors in pro se prisoner cases "make joint litigation exceptionally difficult." *Id*.

In fact, one of these precise challenges has already manifested in this case. Only Plaintiff Ford signed the Complaint filed in this case [*See* Doc. 1 at 5]. As such, the Court cannot be sure that Plaintiff James even desires to be a Party in this case. *See* Fed. R. Civ. P. 11(a); E.D. Tenn. L.R. 83.13 (requiring a pro se party to "sign" each of his pleadings). Because of the significant challenges associated with joinder of Plaintiffs in this action and the possibility that each individual Plaintiff's rights will not be fully respected and protected, the Court concludes that permissive joinder of Plaintiffs is not appropriate here. Accordingly, it is not appropriate for Plaintiffs to proceed jointly in this action.

The Court may sever this case to allow Plaintiff Ford and Plaintiff James to each proceed separately, but the Court has significant concerns about doing so sua sponte. *See* Fed. R. Civ. P. 21. **First**, as already discussed, Plaintiff James has not initiated a civil action because he did not sign the Complaint. *See* Fed. R. Civ. P. 3 (providing that "[a] civil action is commenced by filing a complaint with the court"); Fed. R. Civ. P. 11(a) (requiring every pleading to be signed by a party personally if the party is unrepresented); E.D. Tenn. L.R. 83.13 (same). **Second**, Plaintiff James has not filed a motion to proceed *in forma pauperis*, which would provide some indication

2

of his intent to initiate a civil action. Therefore, it not clear that Plaintiff James desires to or consented to proceed as a plaintiff in this suit. Accordingly, the Court **ORDERS** that Plaintiff James be **DISMISSED** from this action without prejudice.

If Plaintiff James does desire to proceed in a separate Section 1983 action, he must (1) file a Section 1983 complaint that he personally signed, containing a short and plain statement of his claims, and (2) either (a) pay the $402.00 filing fee or (b) submit a proper application to proceed *in forma pauperis*.[1] The Court **DIRECTS** the Clerk to send Plaintiff James a Section 1983 form and the proper documents to seek leave to proceed *in forma pauperis*. **Plaintiff James should only return these documents to the Court if he wishes to initiate an individual Section 1983 action.**

### III. PLAINTIFF FORD

Unlike Plaintiff James, Plaintiff Ford has sufficiently indicated his desire to initiate this civil action because he signed the Complaint and submitted a motion to proceed *in forma pauperis* [*See* Docs. 1, 2]. However, under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must either (1) tender the full filing fee *or* (2) file (a) an application to proceed *in forma pauperis* without prepayment of fees *and* (b) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2).

Plaintiff Ford has not paid the $402.00 filing fee, nor has he submitted the proper documents to seek permission to proceed *in forma pauperis*. Specifically, Plaintiff Ford has not

---

[1] Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2).

filed a certified copy of his inmate trust account for the previous six-month period or its institutional equivalent. Therefore, the Court cannot yet determine whether Plaintiff Ford is entitled to proceed *in forma pauperis*, which would permit him to pay the filing fee through installments. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

Therefore, the Court **DIRECTS** the Clerk to mail Plaintiff Ford an inmate account form. The Court **ORDERS** Plaintiff Ford to present this form to the custodian of inmate accounts. The Court **DIRECTS** the custodian to make a copy of Plaintiff Ford's inmate trust account statement, complete and sign the certificate, and provide Plaintiff Ford the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff Ford's Complaint.

Within **thirty (30) days of the entry of this Order**, Plaintiff Ford must pay the full filing fee or submit the necessary documents. **Failure to fully and timely comply with this Order will result in the Court presuming that Plaintiff Ford is not a pauper, assessing the full amount of fees, and ordering this case dismissed for want of prosecution.**

Further, the Court **WILL NOT** consider any amendments and/or supplements to the Complaint or any other kind of motion for relief until after the Court has screened the Complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the Complaint and/or motions filed before the Court has completed this screening.

Finally, the Court **ORDERS** Plaintiff Ford to immediately inform the Court and Defendants of any address changes in writing. Under Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his

address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

5

Case 1:23-cv-00128-KAC-CHS   Document 4   Filed 06/29/23   Page 5 of 5   PageID #: 15