UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL FORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:23-CV-128-KAC-CHS ) |
| JIM HAMMONDS, DEPUTY COX, and HAMILTON COUNTY JAIL, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner housed in the Hamilton County Jail/Silverdale Detention Center, filed (1) a pro action under 42 U.S.C. § 1983 [Doc. 2] and (2) motions for leave to proceed *in forma pauperis* [Doc. 1, 5]. For the reasons set forth below, the Court (1) **GRANTS** Plaintiff's request to proceed *in forma pauperis* and (2) **DISMISSES** this action for failure to state a claim.

I.  **MOTIONS TO PROCEED** *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. See 28 U.S.C. § 1915(a). It appears from Plaintiff's latest-filed motion for leave to proceed *in forma pauperis* [Doc. 5] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** the Motion [Doc. 5]. And the Court **DENIES as moot** Plaintiff's initial motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the

full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.     Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief.

2

*Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B. **Allegations of Complaint**

At approximately 12:45 a.m. on May 28, 2023, Plaintiff observed an "inmate named 'Cody'" experiencing a "medical emergency" at the Hamilton County Jail [Doc. 2 at 3-4]. Plaintiff and other inmates got the attention of Defendant Deputy Cox, who called for medical staff [*Id*. at 4]. "While waiting for the outcome[,] multiple inmates were at [the] door looking out and trying to get Cpl. Stolz['s] attention to let him know of Deputy Cox['s] slow response to the situation" [*Id*.]. "[H]e"—presumably Deputy Cox—"opened the pod door" and "pointed his tazer at inmates[,]" which caused them to "be in imm[in]ent fear of our life and/or safety" [*Id*.]. An inmate named "King James" began explaining to Cpl. Stolz why the inmates were requesting his attention, and Plaintiff began walking back to the door [*Id*.]. Deputy Cox looked at Plaintiff and James and stated, "[Y]ou Qu[**]r Motherf[***]ers" while Deputy Cox "grabb[ed] his [own] crotch" [*Id*.]. The inmates asked Cpl. Stolz to do something about Deputy Cox's statement and gesture, and Cpl. Stolz told Deputy Cox to "bag back" and "calm down" [*Id*.]. In response, Deputy Cox began "bagging away" while holding his own crotch and stating, "I'll beat your Qu[**]r as[*]es" [*Id*.]

Cpl. Stolz shut the cell door and questioned Deputy Cox [*Id*.]. Plaintiff overheard Deputy Cox describe Cody as "Whitey" [*Id*.]. A few days later, Deputy Cox returned to Plaintiff's pod, apologized for his behavior, and admitted that "he was a little out of line" [*Id*.]. Plaintiff filed this lawsuit against "Jim Hammonds," the "Hamilton County Jail," and "Deputy Cox" [*Id.* at 2]. He

3

seeks fifty million dollars ($50,000,000) in damages, Deputy Cox's termination, and Plaintiff's removal from the Hamilton County Jail [*Id*. at 5].

C.  **Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

1.  **Defendant Deputy Cox**

Plaintiff's claims against Defendant Deputy Cox are based on Defendant Deputy Cox allegedly pointing his taser at inmates causing them fear, grabbing his crotch and calling Plaintiff and another inmate vulgar names, cursing at and threatening to beat Plaintiff, and referring to another inmate using a derogatory term [Doc. 2 at 4]. As an initial matter, to the extent Plaintiff complains of Defendant Deputy Cox's actions toward other inmates, Plaintiff lacks standing to raise those claims. *See Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a prisoner "lacks standing to assert the constitutional rights of other prisoners").

Next, Defendant Deputy Cox's alleged use of slurs, vulgar, and/or threatening language and gestures toward Plaintiff, while unprofessional and unacceptable, does not give rise to a constitutional injury. *See Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that the occasional use of racial slurs, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude") (quoting *Corsetti v. Tessmer,* 41 F. App'x 753, 755-56 (6th Cir. 2002)); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). This conclusion is not altered by Plaintiff's claim that Deputy Cox allegedly threatened to use physical force, because the mere threat of force is not tantamount to the use of force. *See, e.g.*, *Mattingly v. Barnes*, No. 3:14-CV-

4

591-J-32JBT, 2018 WL 1496929, at *14 (M.D. Fla. Mar. 27, 2018), *aff'd sub nom. Mattingly v. Duval Cnty. Jail*, 777 F. App'x 971 (11th Cir. 2019) (noting "Plaintiff's allegation that Defendant Khan threatened to 'taze' him" failed to state a claim, as "verbal threats and harassment are generally not actionable under § 1983"); *Hamilton for J.H. v. Fort Wayne*, No. 16-cv-132, 2017 WL 5467038, *8 (N.D. Ind. 2017) ("The Court finds that a verbal warning about a particular use of force that never transpires is not the same as actually using the force.").

Finally, to the extent that Deputy Cox's actions could constitute some sort of verbal sexual harassment of Plaintiff, "circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain." *Bourne v. Awomolo*, No. 1:16-CV-957, 2016 WL 4771240, at *3-4 (W.D. Mich. Sept. 14, 2016) (collecting cases). Because the Complaint fails to state a Section 1983 claim against Defendant Deputy Cox, the Court **DISMISSES** Plaintiff's claims against Defendant Deputy Cox.

### 2. Defendant Jim Hammonds

To state a claim against Defendant Jim Hammonds, Plaintiff must adequately plead that Defendant Hammonds, by his actions, violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). The Complaint contains no factual allegations of wrongdoing by Defendant Hammonds [*See* Doc. 2]. So the Court **DISMISSES** Plaintiff's claims against Defendant Hammonds.

### 3. Defendant "Hamilton County Jail"

Plaintiff named "Hamilton County Jail" as a defendant in this action. But a jail is not an entity subject to suit under Section 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). And even if Plaintiff meant to assert a claim against Hamilton County itself, the Complaint does not attribute any wrongdoing to a custom or policy of Hamilton County, such that the County itself could be liable under Section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To bring a claim against Hamilton County, Plaintiff must allege "that the constitutional deprivation occurred as a result of an official custom or policy of the municipality." *See Smith v. City of Troy*, 874 F.3d 938, 946 (6th Cir. 2017) (emphasis added) (citing *Monell*, 436 U.S. at 690). There are no such allegations in the Complaint. Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendant Hamilton County Jail.

### III. CONCLUSION

As set forth above:

1. The Court **GRANTED** Plaintiff's latest-filed motion for leave to proceed *in forma pauperis* [Doc. 5] and **DENIED** the earlier-filed motion [Doc. 1] as moot;

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the Complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**        s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge